JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:20-CV-10067-RGK-AS | Date | December 28, 2020 |
|---|---|---|---|
| Title | *JAVIER ALEJANDRO GONZALEZ, et al v. FORD MOTOR CO.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**   (IN CHAMBERS) Order Re: Order Remanding Action to State Court

On September 30, 2020, Javier Alejandro Gonzalez ("Plaintiff") filed a Complaint against Ford Motor Company ("Defendant") alleging violations of the Song-Beverly Warranty Act.

On November 2, 2020, Defendant removed the action to federal court alleging jurisdiction on the grounds of diversity of citizenship. Upon review of Defendant's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involved an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54(2014). Whether or not the plaintiff challenges these allegations, a court may still insist that the jurisdictional requirement has been established by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

In his complaint, Plaintiff seeks damages, including compensatory damages, restitution, statutory remedies, as well as attorneys' fees and costs under the Song-Beverly Warranty Act. In support of its removal, Defendant calculates that based on the vehicle's suggested retail price of $65,1000, and $130,200 in civil penalties (i.e, two times actual damages), the amount in controversy is already $195,300, not including attorneys' fees. Defendant further calculates that even considering a set-off based on mileage, the amount in controversy, including civil penalties is still, at a minimum, $133,640.52.

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-CV-10067-RGK-AS | Date | December 28, 2020 |
|---|---|---|---|
| Title | *JAVIER ALEJANDRO GONZALEZ, et al v. FORD MOTOR CO.* | | |

However, under the Song-Beverly Warranty Act a plaintiff's recovery is limited to the actual payment amount to the seller. *See Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1008 (N.D. Cal. 2002). While Defendant sets forth the suggested retail price, there are no facts indicating whether Plaintiff entered into a contract to purchase the vehicle at the suggested retail price, or whether there was an installment contract, and if so, how many payments have been made on such contract.

As Defendant points out, Plaintiff would be entitled to civil penalties and attorneys' fees if the action succeeds. As to civil penalties, Defendant has not offered any evidence to support such an award. Moreover, given the deficiencies of Defendant's calculations with respect to actual damages, civil penalties, which are based on actual damages, are similarly deficient As to attorneys' fees, the Court finds that Defendant has not carried its burden of showing by a preponderance of the evidence the amount of future attorneys' fees. At best, Defendant has provided only speculation.

Accordingly, the Court finds that Defendant has neither plausibly alleged that the amount in controversy meets the jurisdictional requirement, nor satisfied its burden of showing such requirement by a preponderance of the evidence.

In light of the foregoing, the action is hereby **remanded** to state court for all further proceedings.

**IT IS SO ORDERED.**

cc:   Los Angeles Superior Court, 20STCV37386

                                                      Initials of Preparer        jre